DRUCILLA FARRELL, Doing Business under the Firm Name and Style of FARRELL & Co., Respondent, v. OCEA IRWIN COYLE and Another, Appellants.— Judgment and order affirmed, with costs. No opinion. Present — Clarke, P. J., Dowling, Smith, Page and Greenbaum, JJ.

MICHAEL JOSEPHSOHN, Respondent, v. SINCLAIR OIL AND REFINING CORPORATION, Appellant.— Judgment and order affirmed, with costs. No opinion. Present — Clarke, P. J., Dowling, Smith, Page and Greenbaum, JJ.

KAUMOGRAPH COMPANY, Respondent, v. STAMPOGRAPH COMPANY, INC., and Others, Impleaded with ARTHUR TURNER, Appellant.— Appeal dismissed, without costs. No opinion. Motion for leave to perfect appeal and amend record granted. Present — Clarke, P. J., Laughlin, Smith, Page and Merrell, JJ.

---

## SECOND DEPARTMENT, MAY, 1921.

SARAH LEVY, as Administratrix, etc., of MORRIS F. LEVY, Deceased, Appellant, v. W. KINTZING POST, Respondent.

*Negligence — verdict for defendant supported by evidence.*

Appeal by the plaintiff, Sarah Levy, as administratrix, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 13th day of May, 1920, on the verdict of a jury, and also from an order, entered in said clerk's office on the 27th day of November, 1920, denying plaintiff's motion for a new trial made upon the minutes. The action was for negligently causing the death of Morris F. Levy, in entering a passenger elevator in defendant's building at No. 743 Fifth avenue, borough of Manhattan.

PER CURIAM: Morris Levy had been in the habit of coming to this basement to take and return clothes for a laundry. At this time he seems to have been waiting there to collect a bill. The regular passenger service stopped at the first floor, but when not in active use the car would descend to the basement, in which, besides the furnace and toilet, was an ironing board to press clothes. At this time the operator had come out of his car and was talking to Levy. Both were sitting down a few feet from the open elevator door. A ring came to call the car up. As the operator turned to enter, he saw Levy still sitting. The car started up, Levy did not speak, but suddenly jumped for the rising car, which brought his head against the beam across the doorway, so that he fell into the car, sustaining fatal injuries. The case was fairly tried, with a charge more favorable to plaintiff than she was entitled to respecting defendant's duty toward a licensee. (*Vaughan v. Transit Development Co.*, 222 N. Y. 79.) The appellant has no exceptions on the record. We find no ground, in fact or in law, to disturb this verdict. The judgment and order are, therefore, affirmed, with costs. Present — Blackmar, P. J., Mills, Rich, Putnam and Jaycox, JJ. Judgment and order unanimously affirmed, with costs.